## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

| | |
|---|---|
| C.H. ROBINSON COMPANY, ) | Civil Action No.: 6:09-cv-02864-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ALDRIDGE PRODUCE, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

### ORDER GRANTING PLAINTIFF'S MOTION FOR
### TEMPORARY RESTRAINING ORDER WITHOUT NOTICE

This matter is before the court upon Plaintiff's Ex-Parte [Docket Entry #6] Motion for Temporary Restraining Order pursuant to Rule 65 of the Federal Rules of Civil Procedure. The court considered the Motion, the Affidavits, and all related moving papers.

Pursuant to Rule 65(b), a temporary restraining order may be granted without notice to the adverse party only if: (1) it clearly appears from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and (2) the applicant's attorney certifies the reasons that notice should not be required.

In this case, it appears from the affidavit of James Lord that Plaintiff is a produce dealer and perfected trust creditor of Defendant under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499 *et seq.*, and has not been paid for produce supplied to Defendant in the amount of $50,761.46, which represents principal plus interest accrued through October 29, 2009, as required by the PACA. The same affidavit avers that Defendant is in severe financial distress and the PACA statutory trust assets are being dissipated or threatened with dissipation, and that said Defendant

may cease business operations at any time making it all but impossible for Plaintiff to collect the amount owed.

After reviewing the pleadings, Affidavit, and other submissions of the Plaintiff, it appears to this court that Plaintiff will suffer immediate and irreparable injury due to Defendant's dissipation of Plaintiff's perfected beneficial interest in the statutory trust created pursuant to 7 U.S.C. § 499e(c) and that such dissipation will continue in the absence of injunctive relief. Moreover, the court is of the opinion that a Temporary Restraining Order should be issued without notice thereof because of the threat of further dissipation of trust assets that such advanced notice might make possible. In accordance with Rule 65(b)(2), the applicant's attorney has certified why notice should not be required.

Based on the foregoing, IT IS HEREBY ORDERED THAT:

1. Defendants Aldridge Produce, LLC ("Aldridge Produce") and Derek Aldridge (collectively, "Defendants"), and their officers, agents, servants, attorneys, assigns and financial institutions, are all hereby restrained from dissipating and/or disbursing any and all funds, monies and/or liquidated interests now in their possession or under their control, as well as any and all funds and/or monies hereafter received subject to the PACA trust, until further Order of this court or until Defendants pay to Plaintiff's counsel the sum of $50,761.46.

2. Defendants shall within three (3) business days serve this Order upon any and all financial institutions with which they have a relationship.

3. Defendants shall within three (3) business days provide Plaintiff's counsel and this Court with a verified and detailed accounting of business operations, including records concerning

2

Defendants' assets, bank accounts, accounts receivable, accounts payable, including a list of all PACA Trust Creditors, operating expenses and sales.

4. A hearing on Plaintiff's Motion for Preliminary Injunction shall be held on **Monday November 16, 2009** at **11:00 a.m.**, 3rd Floor Courtroom, 401 W. Evans St., Florence, SC 29501, at which time the Defendants shall appear and show cause, if any, why Plaintiff's request for preliminary injunction should not be granted.

5. Defendants are already in possession of at least $50,761.46 of Plaintiff's PACA trust assets. Nevertheless, the court requires Plaintiff post a One Thousand Dollar ($1,000) bond in this matter pursuant to Rule 65(c) of the Federal Rules of Civil Procedure.

6. Plaintiff, through counsel, shall immediately serve a copy of this Temporary Restraining Order upon Defendants.

This Order shall remain in full force and effect for ten (10) days from the date of entry or until further Order of Court.

**IT IS SO ORDERED.**

                                                s/R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

Dated: 10th day of November, 2009

Time: 2:55 p.m.